IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOSHA M. THOMPKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:21-cv-216-JTA |
| v. ) | |
| ) | (WO) |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pursuant to 42 U.S.C. § 405(g), the claimant, Tosha Monoque Thompkins ("Thompkins"), brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[1] The Commissioner denied Thompkins' claim for a period of disability and Disability Insurance Benefits ("DIB"). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 15, 16.)

After careful scrutiny of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

---

[1] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

## I. PROCEDURAL HISTORY AND FACTS

Thompkins was 43 years old at the time of her alleged disability onset date of December 21, 2019.[2] (R. 244-45.)[3] She obtained a college degree in early childhood education. (R. 42, 250.) Her work history consists of employment as a wireman, a wire chief, a personnel recruiter, and senior enlisted advisor. (R. 42, 53.) Thompkins sought a disability determination due to migraines, vertigo, anxiety, depression, fibromyalgia, arthritis, traumatic brain injury, irritable bowel syndrome ("IBS"), endometriosis, carpal tunnel syndrome, patella femoral syndrome, and gastroesophageal reflux disease. (R. 249.)

On October 31, 2019, Thompkins protectively filed a third application for DIB benefits under Title II (42 U.S.C. §§ 401, *et seq*.). (R. 227-28.) Thompkins' third DIB application was denied initially on and on reconsideration. (R. 152-57, 162-65.) Thompkins requested an administrative hearing on March 18, 2020 (R. 166-67), and the hearing was held on July 8, 2020. (R. 31-60.) The Administrative Law Judge ("ALJ") returned an unfavorable decision on August 27, 2020. (R. 7-21.) On January 26, 2021, the Appeals Council denied Thompkins' request for review (R. 1-5), and the hearing decision became the final decision of the Commissioner.[4] This matter is ripe for review.

---

[2] Thompkins initially alleged a disability onset date of July 31, 2014, but the onset date was amended to December 21, 2019, during the administrative hearing. (R. 40-41, 244.)

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 17.)

[4] "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted).

## II.     STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence."  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)).  Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence.  *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  The district court may remand a case to the

Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by an administrative law judge ("ALJ"). *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant meets or

4

medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ in this case found that Thompkins met the insured status requirements of the Social Security Act on December 31, 2019. (R. 12.) The ALJ also found that Thompkins had not engaged in

substantial gainful activity during the period from her amended alleged onset date of December 21, 2019, through her date last insured of December 31, 2019. (*Id.*)

The ALJ found Thompkins had severe impairments of cervical degenerative disc disease, osteoarthritis, left mild acromioclavicular degenerative changes, history of fibromyalgia, vertigo, IBS, migraine headaches, anxiety, depression, and post-traumatic stress disorder ("PTSD"). (R. 12.) Nevertheless, the ALJ concluded that Thompkins' severe impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 13.)

After consideration of the entire record, the ALJ determined that Thompkins retains the RFC to perform light work[5] as defined in 20 C.F.R. § 404.1567(b), except that she has additional postural, manipulative, environmental, and mental limitations. (R. 14-15.) The ALJ noted that Thompkins' current RFC is "at the *less than light* range work restriction." (R. 20.) The ALJ found the following workplace limitations applicable to Thompkins:

> [She] can perform occasional bilateral pushing and pulling of foot controls; occasional pushing and pulling of hand controls with the left upper extremity; and occasional bilateral reaching overhead. [Thompkins] can perform frequent reaching in other directions with the left upper extremity; and frequent handling, fingering, and feeling with the left upper extremity. [She] can perform occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling. She can never work around unprotected heights or hazardous moving mechanical parts. [Thompkins] cannot work at operating a motor vehicle for commercial purposes. She can have occasional exposure to extreme cold, vibration, noise equal to that of traffic noise, and work in direct sunlight. She must use a cane for walking. [Thompkins] can perform simple tasks with no excessive workloads, quick decision making,

---

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

6

or multiple work demands; she can have occasional interaction with supervisors, coworkers and the public; and she can have occasional changes in a routine work setting.

(R. 14-15.) In accordance with this RFC, the ALJ concluded Thompkins is unable to perform any past relevant work but could perform other jobs that exist in significant numbers. (R. 20.)

The ALJ determined that, considering Thompkins' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 20.) The ALJ found that Thompkins had not been under a disability from the amended onset date of December 21, 2019, through December 31, 2019, the date last insured. (R. 21.) The ALJ concluded that based on the application for a period of disability and DIB filed on October 31, 2019, Thompkins is not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2019, the last date insured. (*Id.*)

## V. DISCUSSION

Thompkins raises two issues on appeal.[6] First, Thompkins argues the Commissioner erred in assigning the same ALJ to each of her three disability applications. (Doc. No. 11 at 1.) Second, Thompkins argues that the RFC finding was in error. (*Id.*) The Court addresses her arguments below.

---

[6] Notably, Thompkins does not appear to seek reopening and does not raise any constitutional claims. (Doc. No. 11 at 2-4.)

A. Objection to the ALJ

Thompkins' challenge to having the same ALJ hear all three of her Social Security Disability applications is unavailing. The Commissioner's regulations provide that if a claimant objects to the ALJ hearing her case, she must notify the ALJ at the "earliest opportunity." *See* 20 C.F.R. § 404.940 ("If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity."). *See also Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 874-75 (11th Cir. 2011). The ALJ will then consider the objection and decide whether to proceed with the hearing or withdraw. 20 C.F.R. § 404.940. The record does not indicate that Thompkins raised her objection to the ALJ at the ALJ or Appeals Council level. Indeed, the first mention of her objection to the ALJ is in her Brief. (Doc. No. 11 at 2-3.)

Further, Thompkins has not presented a valid basis for disqualification by the ALJ. An ALJ's opinion on the basis of facts introduced or events occurring during current or prior proceedings do not present grounds for a recusal motion unless there is a "degree of favoritism or antagonism." *Liteky v. United States*, 510 U.S. 540, 541 (1994). An ALJ's impartiality is essential to the integrity of the administrative hearing system. *Small v. Barnhart*, 329 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The importance of an impartial administrative adjudicator has been recognized in this circuit"). The ALJ plays a vital role in the disability review process and has a duty to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." *Id*. ALJs are presumed to be unbiased and exercise their decision-making authority with honesty and integrity. *Schweiker v. McClure,* 456 U.S. 188, 195–196 (1982). The burden

of overcoming this presumption rests on the party asserting bias. *Id.* at 195. This presumption may be overcome by a "showing of a conflict of interest or some other specific reason for disqualification." *Id.* The presumption can be overcome only with convincing evidence that "a risk of actual bias or prejudgment" is present. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). To be disqualifying, alleged bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citing *Grinnell Corp.*, 384 U.S. at 583).

Thompkins fails to present any evidence that the ALJ was biased or some other precise reason for disqualification. Although Thompkins asserts that she "deserved a fresh set of eyes to consider all the evidence in her last possible claim for Social Security Disability benefits," she fails to provide specific evidence of the ALJ's bias in her case. (*See* Doc. No. 11 at 3.) Thompkins has not shown that the Commissioner was required to assign her third DIB application to a different ALJ. Accordingly, Thompkins' general assertions are insufficient to establish ALJ bias and the Court finds that remand is not warranted on this ground.

B.  RFC Finding

Thompkins contends the ALJ's RFC determination ignores her hearing testimony regarding the severity of her symptoms and how her symptoms for migraines and vertigo "incapacitate her for twelve hours a week." (Doc. No. 11 at 3.) Thompkins asserts that there is nothing present in the record to refute her hearing testimony and thus "her

9

testimony deserves more credit." (*Id*.) Thompkins concludes the RFC should have included that she would "miss at least 12 hours of work a week," and that this court should remand her case to the Commissioner for reconsideration of her RFC. (Doc. No. 11 at 3-4.)

In response, the Commissioner argues that substantial evidence supports the ALJ's RFC finding limiting Thompkins to a reduced range of light work. (Doc. No. 12 at 1.) The Commissioner contends Thompkins would not require additional limitations on her RFC as a result of her statements as to the intensity, persistence, and limiting effects of her impairments because the statements are inconsistent with the objective examination findings and the notations of improvement. (*Id*. at 12.) Further, the Commissioner argues that Thompkins' statements about her pain or symptoms do not alone establish that she is disabled as required under 20 C.F.R. § 404.1529(a). (*Id*.) The Commissioner concludes the ALJ did not err by finding that Thompkins could perform a reduced range of light work. (*Id*. at 9.)

Social Security Ruling ("SSR") 16-3p "provides guidance about how [the Social Security Administration] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims...." Soc. Sec. Ruling 16-3p, 82 Fed. Reg. 49462-03 (Oct. 25, 2017). The new ruling eliminates the use of the term "credibility" from the sub-regulatory policy and stresses that the ALJ "will not assess an individual's overall character or truthfulness" but instead will "focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the [ALJ's] evaluation of the individual's symptoms,

whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities...." *Id*. at 49463, 49467. "Whether before or after SSR 16–3p, an ALJ may choose to discredit a claimant's testimony about his or her symptoms." *Ring v. Berryhill*, 241 F. Supp. 3d 1235, 1252 (N.D. Ala. 2017), *aff'd sub nom*. *Ring v. Soc. Sec. Admin., Comm'r*, 728 F. App'x 966 (11th Cir. 2018) (per curiam).

When evaluating a claimant's symptoms, a two-step process must be used. *Contreras-Zambrano v. Soc. Sec. Admin., Comm'r*, 724 F. App'x 700, 703 (11th Cir. 2018) (per curiam) (citing SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463). At step one, the ALJ must determine whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. SSR 16-3p, 82 Fed. Reg. 49462-03 at 49463-64. At step two, the ALJ must evaluate the intensity and persistence of the symptoms and determine the extent to which they limit the claimant's ability to perform work-related activities. *Id*. at 49464-66. In doing so, the ALJ must examine the entire case record, including the objective medical evidence; the claimant's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the case record. *Id*. at 49464. The ALJ also must consider the factors set forth in 20 C.F.R. § 404.1529(c)(3), including (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) any precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms other than treatment; and (7) any other factors concerning the claimant's functional

limitations and restrictions due to her pain or symptoms. *Id*. at 49465-66; *see* 20 C.F.R. § 404.1529(c)(3).[7]

The ALJ then must examine the claimant's statements about the intensity, persistence, and limiting effects of symptoms in relation to all other evidence and consider whether they are consistent with the record as a whole. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (per curiam) (citing SSR 16-3p, 81 Fed. Reg. 14166, 14170 (Mar. 16, 2016)); *see also* 20 C.F.R. § 404.1529(c)(4).

The record belies Thompkins' claim that her testimony concerning the intensity, persistence, and limiting effects of her migraines and vertigo were not properly considered by the ALJ. Regarding her hearing testimony, Thompkins testified that she had migraine

---

[7] In *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), the Eleventh Circuit "articulated the 'pain standard,' which applies when a disability claimant attempts to establish a disability through h[er] own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam). "The pain standard requires '(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.'" *Id*. (quoting *Holt*, 921 F.2d at 1223). If the ALJ discredits a claimant's subjective testimony, he "must articulate explicit and adequate reasons for doing so or the record must be obvious" as to the finding. *Strickland v. Comm'r of Soc. Sec.*, 516 F. App'x 829, 832 (11th Cir. 2013) (per curiam) (citing *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). Failure to articulate the reasons for discrediting testimony related to pain or other subjective symptoms requires, as a matter of law, that the testimony be accepted as true. *Holt*, 921 F.2d at 1223. When the ALJ's reasons for discrediting a claimant's statements about pain or other symptoms are clearly articulated and supported by substantial evidence in the record, a reviewing court will not disturb the ALJ's findings. *Foote*, 67 F.3d at 1562.

Notably, "SSR 16-3p provides clarification of the subjective pain standard; it does not substantively change the standard" or "the factors that an ALJ should consider when examining subjective pain testimony." *Harris v. Berryhill*, Case No.: 5:16-CV-01050-MHH, 2017 WL 4222611, at *3 n.2 (N.D. Ala. Sept. 22, 2017) (internal citation omitted); *see also Griffin v. Berryhill*, No. 4:15-cv-0974-JEO, 2017 WL 1164889, at *6 n.10 (N.D. Ala. March 29, 2017) ("The Eleventh Circuit's pain standard is consistent with the parameters that SSR 16-3p sets forth.").

headaches "two times a week" lasting "from four hours to all day." (R. 46.) She further testified that she takes medicine for it, must lie down during it, and "often [goes] to sleep when [she] lie[s] down." (*Id*. at 46-47.) In regard to her vertigo, Thompkins testified that she experiences it "about once a week," it causes her dizziness and nausea, and she also takes medication for it. (*Id*.) She stated that the vertigo lasts "about four hours," which means that vertigo and migraines occur for a "total of three days a week." (*Id*.) The ALJ noted that Thompkins testified she has migraines two times per week and has vertigo. (R. 15.)

The record shows that Thompkins has often denied symptoms and reported improvement during visits with her healthcare providers. For example, as the ALJ noted, in September 2019, Thompkins denied headache, back pain, numbness, joint pain, or stiffness to providers. (R. 16, 1907, 1913-14.) On January 28, 2020, Thompkins reported her headache pain was at a 2/10 level. (R. 17.) On March 17, 2020, Thompkins gait was steady. (R. 17, 19.) In April 2020, Thompkins reported three migraine headaches in the month prior and that the medication was helpful in resolving her symptoms. (R. 17.) The ALJ noted that Thompkins had no office or emergency room visits for her migraines during the time at issue and that the majority of her treatment for her migraines was prior to the amended onset date. (R. 19.)

The record further shows that the ALJ considered the State agency consultants' opinions pertaining to Thompkins' ability to perform a range of light work and reached an RFC finding consistent with those opinions. State agency medical and psychological consultants are "highly qualified and experts in Social Security disability evaluations." 20

C.F.R. § 404.1513a(b)(1). Dr. Thomas Amason and Dr. Krishna Reddy opined that Thompkins could perform a range of light work with restrictions. (R. 18, 120-123, 141-144.) None of the consultants opined that Thompkins would likely be absent on account of her symptoms. (R. 118, 121-23, 138, 141-144.)

Finally, the ALJ considered Thompkins' reported daily activities (R. 15-16) and a function report completed by her sister (R. 17). The ALJ found that Thompkins' allegations regarding the nature and severity of her impairment-related symptoms and functional limitations were only partially consistent with the medical evidence of record. (R. 19.) The ALJ concluded that the findings specified within the RFC assessment are consistent with the appropriate medical findings and overall evidence in the file. (*Id*.) The record supports the ALJ's conclusion.

Thompkins "must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec*., 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam). Thompkins has failed to carry her burden. Accordingly, the Court finds that substantial evidence supports the ALJ's RFC finding.

## VI.  CONCLUSION

After review of the administrative record, and considering all of Thompkins' arguments, the Court finds the Commissioner's decision to deny her disability is supported by substantial evidence and is in accordance with applicable law. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 6th day of July, 2022.

/s/ Jerusha T. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE